UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TONYA Y. METCALF,<br><br>           Plaintiff,<br><br>     v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br><br>           Defendant. | CASE NO. 3:14-CV-05615 RBL-DWC<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S COMPLAINT<br><br>Noting Date: May 29, 2015 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her application for supplemental security income ("SSI") benefits.

After considering and reviewing the record, the Court concludes the ALJ erred when he provided only conclusory reasons for rejecting the opinions of physicians Dr. Rebecca Renn, M.D. and Dr. Sara Lerner, M.D. Had the ALJ fully credited the opinions of Drs. Renn and Lerner, the residual functional capacity may have included additional limitations. The ALJ's error is therefore not harmless, and this matter should be reversed and remanded pursuant to

sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation.

## FACTUAL AND PROCEDURAL HISTORY

On October 6, 2011, Plaintiff filed an application for SSI benefits, alleging disability as of March 31, 2010. *See* Dkt. 9, Administrative Record ("AR") 15. The application was denied upon initial administrative review and on reconsideration. *See id.* A hearing was held before Administrative Law Judge Gene Duncan ("ALJ") on February 11, 2013. *See* AR 31-95. In a decision dated March 6, 2013, the ALJ determined Plaintiff to be not disabled. *See* AR 15-26. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-4; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff raises the following issues:  (1) Whether the ALJ erred in finding Plaintiff can perform work as a housekeeper; (2) Whether the ALJ properly weighed the opinion evidence from reviewing, evaluating, and treating sources; and (3) Whether the ALJ gave clear and convincing reasons to find Plaintiff not credible. Dkt. 16, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

**(1) Whether the ALJ properly weighed the opinion evidence from reviewing, evaluating, and treating sources.**

Plaintiff contends the ALJ erred in his evaluation of the opinion evidence submitted by Dr. Rebecca Renn, M.D., Dr. Sara Lerner, M.D., and Dr. Arthur Lewy, Ph.D. Dkt. 16, pp. 5-11.

A. <u>Drs. Rebecca Renn, M.D. and Sara Lerner, M.D.</u>

Plaintiff asserts the ALJ failed to provide the specificity necessary to properly discredit the medical opinions of treating physicians Dr. Rebecca Renn, M.D. and Dr. Sara Lerner, M.D.[1] *See* Dkt. 16, p. 10-11. Dr. Renn submitted a letter stating Plaintiff was diagnosed with recurrent major depression, panic disorder, and cognitive disorder. AR 521. In the letter, Dr. Renn discussed Plaintiff's scores from a previous memory test and Plaintiff's difficulties with executive functioning based on Dr. Raymond Parker's findings. AR 521-22. Dr. Renn opined Plaintiff's psychiatric conditions are not usually disabling, but Plaintiff's depression will make it harder for her to put forth extra effort to overcome her other deficits and she will become more easily discouraged. AR 522.

Dr. Lerner, who treated Plaintiff on four occasions, submitted a letter summarizing her opinion of Plaintiff's abilities and her interpretation of Dr. Parker's findings. Dr. Lerner noted Plaintiff could be employable if she were to receive a high level of supervision, intense training, and placement in a job specifically matching her talents. AR 523. She opined Plaintiff's chances of finding and maintaining gainful employment are very small without these accommodations. *Id.*

---

[1] Dr. Lerner had a treating relationship with Plaintiff, and Dr. Renn worked at the same facility wherein Plaintiff was treated by Dr. Lerner. *See* AR 521-23.

1  The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted
2  opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.
3  1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d
4  502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the
5  opinion can be rejected "for specific and legitimate reasons that are supported by substantial
6  evidence in the record." *Lester*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035,
7  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can
8  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting
9  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157
10 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

11  "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing
12 nothing more than ignoring it, asserting without explanation that another medical opinion is more
13 persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his
14 conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v.*
15 *Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.  The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

20 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

21  The ALJ rejected the opinions of Drs. Renn and Lerner citing three reasons: "(1) [t]heir
22 opinions are inconsistent with the claimant's demonstrated functional abilities. (2) Their opinions
23 also somewhat misstate Dr. Parker's findings, which are discussed more thoroughly above. (3)
24

Additionally, their opinions are without substantial support from the other evidence of record, which renders it less persuasive." AR 24 (enumeration added).

The ALJ provides only conclusory reasons for rejecting the opinions of Drs. Renn and Lerner. The ALJ failed to provide his interpretation of the evidence. Further, he did not provide a detailed explanation as to why these opinions should be rejected. The ALJ did not provide any discussion regarding the opined limitations contained in the letters. He failed to identify any functional abilities demonstrated by Plaintiff which are contrary to the findings of Drs. Renn and Lerner. The ALJ also did not reference what portions of Dr. Parker's findings the two doctors allegedly misstated, nor explain how Drs. Renn and Lerner misstated Dr. Parker's findings. Last, the ALJ failed to identify any evidence contained in the "other evidence of record" which contradicts the findings of Drs. Renn and Lerner.

The three vague, conclusory statements rejecting the opinions of Drs. Renn and Lerner do not reach the specificity necessary to justify rejection of the opinions and are insufficient for this Court to determine if the ALJ properly considered the evidence. Therefore, the ALJ has erred. *See Embrey*, 849 F.2d at 421-22 ("it is incumbent on the ALJ to provide detailed, reasoned, and legitimate rationales for disregarding the physicians' findings[;]" conclusory reasons do "not achieve the level of specificity" required to justify an ALJ's rejection of an opinion); *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (an ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

*Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115.  The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)). Furthermore, "the fact that the administrative law judge, had [he] considered the entire record, might have reached the same result does not prove that [his] failure to consider the evidence was harmless. Had [he] considered it carefully, [he] might well have reached a different conclusion." *Hollingsworth v. Colvin*, 2013 WL 3328609, *4 (W.D. Wash. July 1, 2013) (quoting *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

      Had the ALJ properly considered the opinions of Drs. Renn and Lerner, he may have included additional limitations in the residual functional capacity ("RFC") and in the hypothetical questions posed to the vocational expert, Kimberley North. For example, in the RFC, the ALJ determined Plaintiff could work independently (*see* AR 20); yet, Dr. Lerner opined Plaintiff needs a high level of supervision. AR 523. If the ALJ had given weight to Dr. Lerner's opinion, he may have limited Plaintiff to work environments that provide constant supervision and/or "more than two weeks of hands-on training when starting the job". AR 20. The ALJ also determined Plaintiff is able to perform work wherein she is off task for 5% of the workday. AR 20. However, Dr. Renn opined Plaintiff's depression would make it harder for her to put in the extra effort required to overcome her other deficits, and Plaintiff would become more easily discouraged. AR 521-22. Had the ALJ given weight to Dr. Renn's opinion, he may have included additional limitations in the RFC related to Plaintiff's persistence. As the ALJ's

1  errors may affect the RFC assessment and the vocational expert's testimony, the ultimate

2  determination regarding disability is affected and the error is not harmless.

3       B.  <u>Dr. Arthur Lewy, Ph.D</u>

4       Plaintiff asserts the ALJ erred by failing to properly consider all limitations opined by Dr.

5  Arthur Lewy, Ph.D. Dkt. 16, pp. 6-8. Dr. Lewy, a medical expert who testified at the ALJ

6  hearing, opined Plaintiff can "understand and remember instructions and procedures for basic

7  tasks up to two and three steps. . . . [S]he can complete these tasks at a moderate pace." AR 43-

8  44. Dr. Lewy found Plaintiff is also "able to complete tasks and routines that are pretty

9  predictable on a day-to-day basis." AR 44. The ALJ gave significant weight to Dr. Lewy's

10 opinion. AR 22.

11      Plaintiff maintains the ALJ failed to include the pace limitation in the RFC. Dkt. 16, pp.

12 6-8. The ALJ found Plaintiff "is unable to perform fa[st]-paced production rate work." AR 20;

13 *see also* AR 84. While the RFC is not identical to Dr. Lewy's findings regarding pace, the ALJ

14 properly accounted for Plaintiff's ability to perform only moderate-paced work by finding she is

15 unable to perform fast-paced work. Accordingly, the ALJ included the opined pace restriction

16 and did not err. *See Turner v. Comm'r of Social Sec.*, 613 F.3d 1217, 1223 (9th Cir. 2010)

17 (accepting limitations which were "entirely consistent" with physician's evaluation).

18      **(2) Whether the ALJ erred in finding Plaintiff can perform work as a housekeeper.**

19      Plaintiff also argues the ALJ erred by relying on incomplete testimony from the

20 vocational expert, as the job identified by the vocational expert does not adequately

21 accommodate Plaintiff's need for two weeks of hands-on-training. Dkt. 16, pp. 2-4. The

22 transcript from the ALJ's hearing shows the ALJ properly considered Plaintiff's need for hands-

23 on-training when finding Plaintiff could work as a housekeeper. *See* AR 87-89. However, the

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 7

ALJ erred in assessing the opinion evidence of Drs. Renn and Lerner, and must reassess the RFC after reconsidering those opinions. As the ALJ must reassess Plaintiff's RFC on remand, he must re-evaluate the Step Five finding to determine if Plaintiff can perform work as a housekeeper in light of a re-assessed RFC.

### (3) Whether the ALJ gave clear and convincing reasons to find Plaintiff not credible.

Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (*quoting Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. "In weighing a claimant's credibility, the ALJ may consider [her] reputation for truthfulness, inconsistencies either in [her] testimony or between [her] testimony and [her] conduct, [her] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [she] complains." *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997).

In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of her symptoms not fully credible, and provided clear and convincing reasons in support. *See* AR 21-22. The ALJ reasonably considered: (1) medical evidence contradicting and/or failing to support the degree of limitation, *Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.") (*citing Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)); (2) Plaintiff's inconsistent statements, *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (the ALJ may consider prior inconsistent statements regarding symptoms); (3) Plaintiff's medication noncompliance and

failure to follow recommended treatment plans, *see* 20 C.F.R. § 404.1530 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled"); and (4) Plaintiff's work record. AR 21-22.

After review of the relevant record, the undersigned concludes the ALJ has provided a reasonable interpretation of the evidence in determining Plaintiff to be not fully credible. Accordingly, the ALJ need only reconsider Plaintiff's credibility as necessitated by further consideration of the medical opinion evidence from Drs. Renn and Lerner.

## CONCLUSION

Based on the above stated reasons, and the relevant record, the undersigned recommends this matter be REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further proceedings consistent with this Report and Recommendation. JUDGMENT should be for Plaintiff and the case should be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 29, 2015, as noted in the caption.

Dated this 7th day of May, 2015.

David W. Christel
United States Magistrate Judge